## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**WILLIE DAVID SHELBY, JR., #K2271**                    **PLAINTIFF**

**VERSUS**                 **CIVIL ACTION NO. 3:06cv265-WHB-LRA**

**CLAUDE FOREMAN, OFFICER**
**WALKER, OFFICER CHAMBERS,**
**AND DR. RULE MAY**                          **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the undersigned upon referral from District Judge William H. Barbour, Jr., for Report and Recommendation on the Motion to Dismiss for Failure to State a Claim, or in the Alternative, on Grounds of Qualified Immunity [#20], filed by Claude Foreman, Officer Walker, and Officer Chambers, hereafter "Defendants," on January 19, 2007.[1]  Willie David Shelby, Jr. [hereinafter "Plaintiff"] has not filed a written response to the motion or otherwise responded to the motion.

### I.  Factual Background

Plaintiff Shelby, an inmate currently incarcerated in the Mississippi State Penitentiary at Parchman, Mississippi,  filed this complaint pursuant to 42

---

[1]The complaint originally listed the treating dentist in this case as "John Doe."  Plaintiff thereafter identified him as "Dr. Rule May."  Process was not issued for Dr. May, and defense counsel has not entered an appearance on his behalf.  However, the undersigned has considered the claims against Dr. May in making this report and recommendation.

U.S.C. § 1983, on or about May 16, 2006.  The named defendants are officers at the Holmes-Humphrey County Correctional Facility, [hereinafter "HHCCF"] the facility where Plaintiff was confined at the time of the incident which gave rise to this Complaint.

Plaintiff complains that in July, 2005, while confined in HHCCF, he needed and requested dental care.  On July 21, 2005, he was ordered by Officers McDaniels and Williams [not named as defendants] to get ready to be transported to the dentist in Jackson.  Defendants Officers Walker and Chambers transported him to a dentist in Jackson, Dr. Rule May.  According to Plaintiff, an error was made in the appointment scheduled for that day, and the appointment was actually for inmate "Shelby Gilbert."  Dr. May had the records for "Shelby Gilbert," not Plaintiff "Willie David Shelby."  Plaintiff's teeth were x-rayed, and Dr. May noted that his x-rays were different from the records; the records showed problems with gums and several teeth around tooth 17.

Plaintiff informed the dentist that he had only one bad tooth, and it was on the other side of the mouth.  Dr. May called someone and reported that the problem listed on the sick call in the record did not exist but that "he would go ahead and get the problem he did see."  Complaint, p. 4. According to Plaintiff, the dentist then removed two  teeth out of his mouth, and stated "Mr. **Gilbert**, that should do it."  Plaintiff informed the dentist

again that he was Willie Shelby, not Shelby Gilbert.   He was then transported back to HHCCF by Defendant Officers Walker and Chambers. He requested pain medication from the nurse.  Because Dr. May prescribed none, the nurse refused to provide him with medication.  Plaintiff contends that Defendant Claude Foreman, the Warden of HHCCF, did not do anything when Plaintiff informed him of what had happened.  Plaintiff told Warden Foreman about the pain, and Foreman replied "that's what [you] deserve for going to someone else's appointment."   He refused Plaintiff any pain medication.

Plaintiff was requested by this Court to specifically state what each Defendant did to him.  In response, he filed a document on August 29, 2006, docket entry 11, specifying his claims against each Defendant.  The complaint is thus augmented and amended by this pleading.

Defendants claim that Plaintiff has failed to state a claim upon which relief can be granted, and that they are entitled to a judgment at law, presumably under Rule 12(b) of the Federal Rules of Civil Procedure. Additionally, Defendants claim that they are immune from this lawsuit.

## II.  Rule 12(b)(6) Standard of Review

In effect, Defendants' Motion to Dismiss is recognized by the Court as a Rule 12(b)(6) motion to dismiss for failure to state a claim.  The standard of review for such a motion was addressed recently by the Fifth Circuit Court

of Appeals in <u>In re Katrina Canal Breaches Litigation</u>, --- F.3d ---, 2007 WL

2200004 (5th Cir. Aug 02, 2007).  The Court interpreted the change of the

review standard required in the case of <u>Bell Atl. Corp. v. Twombly</u>, 127 S.

Ct. 1955, 1974 (2007), as opposed to the established standard enunciated

in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  In *Bell,* the United States

Supreme Court rejected the *Conley v. Gibson* standard as it has been

interpreted, which is --- that dismissal for failure to state a claim should not

be granted unless it "appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief."  355

U.S. at 45-46.  Quoting *Bell,* the Fifth Circuit stated the current standard of

review for dismissals under Rule 12(b)(6) as follows:

> . . . The "court accepts 'all well-pleaded facts as true, viewing them
> in the light most favorable to the plaintiff.' " <u>Martin K. Eby Constr.</u>
> <u>Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464 (5th Cir.2004)
> (quoting <u>Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999)</u>).
> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must
> plead "enough facts to state a claim to relief that is plausible on its
> face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007).
> [FN10 omitted]  "Factual allegations must be enough to raise a
> right to relief above the speculative level, on the assumption that
> all the allegations in the complaint are true (even if doubtful in
> fact)." <u>*Id.*</u> at 1965 (quotation marks, citations, and footnote
> omitted).

<u>Id.</u>, *slip op.* at 9.

The same standard of review is applied "when immunity is urged as a defense by a motion to dismiss." Chrissy F. by Medley v. Mississippi Dept. of Pub. Welfare, 925 F.2d 844, 846 (5th Cir. 1991).

### III.  Legal Analysis

### A.  Eighth Amendment Claim

All of Plaintiff's claims are based upon theories of **negligence**, even though he attempts to couch them as violations of his Eighth Amendment right to be free from cruel and unusual punishment.   In his August 29, 2006, response to this Court's order, Plaintiff contends that officers Chambers and Walker escorted him to the dentist without "properly identifying with the security guidelines" that the scheduled appointment was for him, not "Shelby Gilbert."  Plaintiff concludes that they were "negligent" for failing to be sure it was the right appointment.  Plaintiff also asserts that Dr. May removed two of his teeth and failed to prescribe him medication.

All these allegations are contentions that these defendants were negligent in their handling of his dental complaint. 42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation.  Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 414 U.S. 344 (1986); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Although Plaintiff alleges that Defendants acted with "deliberate indifference," the circumstances of

this case do not rise to the level of a constitutional violation.   Plaintiff acknowledges in his Complaint that Defendants Chambers and Walker did not purposely take him to the dentist on the wrong day; the mistake was accidental.   Further, he told Dr. May of the mistake, and Dr. May called jail officials to discuss the error.   Plaintiff contends that Dr. May knew of the confusion but stated that he would treat the "problem he did see."   Dr. May obviously believed he was treating Plaintiff correctly and not according to Shelby Gilbert's x-rays and charts.

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners.   Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Fifth Circuit Court of Appeals has clearly stated that "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."   Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006), citing Mendoza v. Lynaugh, 9889 F.2d 191, 193 (5th Cir. 1993).   In this case, Plaintiff only charges that Defendants were negligent by transporting him on the wrong day to the dentist and that the removal of his teeth was medical malpractice.   The circumstances in this case are not so exceptional

so as to constitute "deliberate indifference" to Plaintiff's serious medical needs.

Plaintiff also complains that Defendants did not follow the prison's security guidelines and policies regarding off-site dental treatment. However, the failure to follow prison policies does not rise to the level of a constitutional violation, as "a prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process." Myers v. Kelvenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

### B.  Defense of Qualified Immunity

Defendants contend that they are entitled to qualified immunity from suit.   "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Gobert, 463 F.3d at 345.  The immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 457 U.S. 335, 341 (1986).  To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right and whether the official's actions violated that right to the extent that an objectively reasonable person would have known.  Id., omitting citation.

As discussed above, Plaintiff's assertions in this case are only those of neglect; Plaintiff has alleged no constitutional violation under the applicable law.   Accordingly, "there is no necessity for further inquiries concerning qualified immunity."  Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).  Defendants are immune from this suit and should be dismissed.

### IV.  Conclusion

For the reasons discussed herein, it is the opinion of the undersigned that Defendants' Motion to Dismiss for Failure to State a Claim, or in the Alternative on Grounds of Qualified Immunity, docket entry 19, filed January 19, 2007, be **granted**, and that the complaint be dismissed with prejudice.  A final judgment in favor of all Defendants should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS  the 9th day of August, 2007.


_____ S/Linda R. Anderson _____
UNITED STATES MAGISTRATE JUDGE